# UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re: §
§
GREAT SHOT HOLE IN ONE INSURANCE, § Case No. 17-05126
LLC D/B/A GREAT SHOT GOLF §
§
Debtor §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 02/22/2017 . The undersigned trustee was appointed on 02/22/2017 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of             $   52,059.90

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Payments made under an interim disbursement | 0.00 |
   | Administrative expenses | 0.00 |
   | Bank service fees | 207.17 |
   | Other payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Exemptions paid to the debtor | 0.00 |
   | Other payments to the debtor | 0.00 |
   | Leaving a balance on hand of[1]  $ | 51,852.73 |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 06/27/2017 and the deadline for filing governmental claims was 08/21/2017 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 5,853.00 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 5,853.00 , for a total compensation of $ 5,853.00 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 0.00 , for total expenses of $ 0.00 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 10/06/2017           By: /s/ N. Neville Reid, Trustee
                                Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 17-05126 | JBS | Judge: | Jack B. Schmetterer | | Trustee Name: | N. Neville Reid, Trustee |
| Case Name: | GREAT SHOT HOLE IN ONE INSURANCE, LLC D/B/A GREAT SHOT GOLF | | | | | Date Filed (f) or Converted (c): | 02/22/2017 (f) |
| | | | | | | 341(a) Meeting Date: | 03/23/2017 |
| For Period Ending: | 10/06/2017 | | | | | Claims Bar Date: | 06/27/2017 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. The Private Bank 120 S LaSalle St. Chicago, IL 60603 Checkin | 16.03 | 0.00 | | 0.00 | FA |
| 2. Deposit with UPS | 300.00 | 0.00 | | 0.00 | FA |
| 3. Office furniture - 4 television sets | 500.00 | 0.00 | | 0.00 | FA |
| 4. Office fixtures | 1,696.69 | Unknown | | 0.00 | FA |
| 5. The Private Bank 120 S LaSalle St. Chicago, IL 60603 Checki | 0.00 | 0.00 | | 0.00 | FA |
| 6. Tents and Display backdrops | 5,000.00 | 5,000.00 | | 0.00 | FA |
| 7. Fantasy Draft Nation - 15% interest multi level marketing in | 0.00 | 0.00 | | 0.00 | FA |
| 8. INSURANCE PAYMENT (u) | Unknown | 1,842.00 | | 1,842.00 | FA |
| 9. Debtor's intellectual property, including customer lists, tr (u) | 0.00 | 50,000.00 | | 50,000.00 | FA |
| 10. REFUND (u) | 0.00 | 41.09 | | 217.90 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)  $7,512.72   $56,883.09   $52,059.90   $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 03/31/2018    Current Projected Date of Final Report (TFR): 03/31/2018

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 17-05126 | Trustee Name: N. Neville Reid, Trustee |
| Case Name: GREAT SHOT HOLE IN ONE INSURANCE, LLC D/B/A GREAT SHOT GOLF | Bank Name: Associated Bank |
| | Account Number/CD#: XXXXXX0836 |
| | Checking |
| Taxpayer ID No: XX-XXX4448 | Blanket Bond (per case limit): $54,824,000.00 |
| For Period Ending: 10/06/2017 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 04/24/17 | 8 | Bowlingbrook Golf Club | Turnover of insurance payment | 1229-000 | $1,842.00 | | $1,842.00 |
| 05/08/17 | 9 | TPI LLC | Debtor's intellectual property, including customer lists, trademarks, and websites and intangible assets (excluding causes of action, cash, receivables and certain other assets) | 1229-000 | $50,000.00 | | $51,842.00 |
| 05/23/17 | 10 | Pitney Bowes<br>1 Elmcroft Rd.<br>Stamford, CT 06926-0700 | Refund from Pitney Bowes | 1229-000 | $41.09 | | $51,883.09 |
| 06/07/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $55.49 | $51,827.60 |
| 07/10/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $74.56 | $51,753.04 |
| 07/11/17 | 10 | UPS<br>1335 NOrthmeadow Parkway<br>Suite 119<br>Roswell, GA 30076 | Refund from UPS for Canceled Account | 1229-000 | $176.81 | | $51,929.85 |
| 08/07/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $77.12 | $51,852.73 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | $52,059.90 | $207.17 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $52,059.90 | $207.17 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $52,059.90 | $207.17 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*                Page Subtotals:    $52,059.90    $207.17

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX0836 - Checking | $52,059.90 | $207.17 | $51,852.73 |
|  | $52,059.90 | $207.17 | $51,852.73 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $52,059.90 |
| Total Gross Receipts: | $52,059.90 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 17-05126
Debtor Name: GREAT SHOT HOLE IN ONE INSURANCE, LLC D/B/A GREAT SHOT GOLF
Claims Bar Date: 6/27/2017

Date: October 6, 2017

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | N. NEVILLE REID<br>200 W. MADISON, SUITE 3000<br>CHICAGO, IL  60606 | Administrative | | $0.00 | $5,853.00 | $5,853.00 |
| Admin 1 100 3110 | FOX SWIBEL LEVIN & CARROLL LLP<br>200 W. Madison Street, Suite 3000<br>Chicago, Illinois  60606 | Administrative | | $13,345.00 | $13,345.00 | $13,345.00 |
| Admin 1 100 3410 | Kutchins, Robbins & Diamond Ltd.<br>35 East Wacker Drive<br>Suite 690<br>Chicago, IL 60601 | Administrative | | $2,958.00 | $2,958.00 | $2,958.00 |
| Admin 2 100 3420 | Kutchins, Robbins & Diamond Ltd.<br>35 East Wacker Drive<br>Suite 690<br>Chicago, IL 60601 | Administrative | | $6.50 | $6.50 | $6.50 |
| 1 300 7100 | Michael Frazin<br>360 W. Hubbard<br>#3112<br>Chicago, IL 60654 | Unsecured | | $125,155.39 | $125,155.39 | $125,155.39 |
| 2 300 7100 | Scott Bauer<br>5881 Teal Rd.<br>Long Grove, IL 60047 | Unsecured | | $120,074.81 | $120,074.81 | $120,074.81 |
| 3 300 7100 | Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603 | Unsecured | | $10,012.72 | $10,012.72 | $10,012.72 |
| | Case Totals | | | $271,552.42 | $277,405.42 | $277,405.42 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 17-05126  
Case Name: GREAT SHOT HOLE IN ONE INSURANCE, LLC D/B/A GREAT SHOT GOLF  
Trustee Name: N. Neville Reid, Trustee

Balance on hand                                                               $        51,852.73

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: N. NEVILLE REID | $ 5,853.00 | $ 0.00 | $ 5,853.00 |
| Attorney for Trustee Fees: FOX SWIBEL LEVIN & CARROLL LLP | $ 13,345.00 | $ 0.00 | $ 13,345.00 |
| Accountant for Trustee Fees: Kutchins, Robbins & Diamond Ltd. | $ 2,958.00 | $ 0.00 | $ 2,958.00 |
| Other: Kutchins, Robbins & Diamond Ltd. | $ 6.50 | $ 0.00 | $ 6.50 |

Total to be paid for chapter 7 administrative expenses            $         22,162.50

Remaining Balance                                                               $         29,690.23

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 255,242.92 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 11.6 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Michael Frazin | $ 125,155.39 | $ 0.00 | $ 14,558.26 |
| 2 | Scott Bauer | $ 120,074.81 | $ 0.00 | $ 13,967.28 |
| 3 | Sidley Austin LLP | $ 10,012.72 | $ 0.00 | $ 1,164.69 |

Total to be paid to timely general unsecured creditors    $   29,690.23

Remaining Balance    $   0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE